FILED
2019 JAN 10 PM 2:13
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2018 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>LOGAN PATTEN,<br>   aka "@SPARED,"<br><br>   Defendant. | CR No. 19-CR00015-ODW<br><br><u>I N D I C T M E N T</u><br><br>[18 U.S.C. § 371: Conspiracy;<br>18 U.S.C. § 844(e): Conveying False Information Concerning the Use of An Explosive Device;<br>18 U.S.C. § 875(c): Threats to Injure in Interstate Commerce;<br>18 U.S.C. § 2(a): Aiding and Abetting] |

The Grand Jury charges:

INTRODUCTION

At all times relevant to this Indictment:

1.  Twitter was an online social networking service on which users posted and interacted with messages known as tweets. Twitter users could also send Direct Messages to one another.

2.  A Twitter "handle" was the name a user selected to use on Twitter.

3. Defendant LOGAN PATTEN resided in, and was located in, Greenwood, Missouri. Defendant PATTEN used the Twitter handle @SPARED.

4. Unindicted Co-Conspirator No. 1 resided in, and was located in, Grand Rapids, Michigan. Unindicted Co-Conspirator No. 1 used the Twitter handle @THROW.

5. Unindicted Co-Conspirator No. 2, Tyler Rai Barriss ("Barriss"), also known as ("aka") "@SWAUTISTIC," aka "@GOREDTUTOR36," aka "Robert Hayward," aka "Robert," aka "Alex Mendez," aka "Alex," aka "Matthew," aka "Aaron," resided in, and was, at all times relevant to this Indictment, located in, Los Angeles County within the Central District of California. Barriss used the Twitter handles @SWAUTISTIC and @GOREDTUDOR36.

6. "Swatting" was the action or practice of harassing a victim by deceiving an emergency service into sending police and emergency service response teams, including special weapons and tactics ("SWAT") teams, to the victim's address often by making a false report of a serious law enforcement emergency - such as a murder or hostage situation - at the victim's address to trigger the deployment of the response team.

7. The above allegations are incorporated by reference into all counts of this Indictment as if fully set forth therein.

## COUNT ONE

[18 U.S.C. § 371]

A.  THE OBJECTS OF THE CONSPIRACY

1.  Beginning on a date unknown to the Grand Jury, but no later than December 16, 2017, and continuing through on or about December 19, 2017, within the Central District of California, and elsewhere, defendant LOGAN PATTEN ("PATTEN"), also known as ("aka") "@SPARED," together with others known and unknown to the Grand Jury, knowingly conspired and agreed to:

    a.  By a telephone and other instrument of commerce, willfully make a threat, and maliciously convey false information knowing the information to be false, concerning an alleged attempt being made, or to be made, to kill, injure, and intimidate an individual and to damage and destroy property by means of fire and an explosive, in violation of Title 18, United States Code, Section 844(e).

    b.  With the purpose of issuing a threat and with knowledge that the communication would be viewed as a threat, knowingly transmit in interstate commerce a communication containing true threats to injure the person of another, in violation of Title 18, United States Code, Section 875(c).

B.  THE MANNER AND MEANS OF THE CONSPIRACY

2.  The objects of the conspiracy were to be carried out, and were carried out, in substance as follows:

    a.  Unindicted Co-Conspirator No. 1, aka "@THROW," and defendant PATTEN would identify victims that either or both of them wanted to harass, intimidate, disrupt, and annoy by swatting them.

   b. Unindicted Co-Conspirator No. 1 and defendant PATTEN would provide information about their victims, such as what they believed to be their victims' home addresses, to Unindicted Co-Conspirator No. 2, Tyler Rai Barriss ("Barriss"), aka "@SWAUTISTIC," aka "@GOREDTUTOR36," aka "Robert Hayward," aka "Robert," aka "Alex Mendez," aka "Alex," aka "Matthew," aka "Aaron."

   c. Using an online payment processor, defendant PATTEN would pay Barriss to swat the victims.

   d. Barriss would willfully and maliciously call law enforcement and make a false report, knowing that information to be false, of a serious law enforcement emergency in order to trigger a law enforcement and emergency services response at what he believed to be the victim's home address.

C. OVERT ACTS

  3. On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendant PATTEN, together with co-conspirators known and unknown to the Grand Jury, committed and caused others to commit various overt acts within the Central District of California and elsewhere, including the following:

  Overt Act No. 1: On or about December 16, 2017, Unindicted Co-Conspirator No. 1 asked Barriss, in Twitter Direct Messages, whether he would "do some naughty tasks 4me" in exchange for payment, to include Bitcoin, which is a peer-to-peer crypto-currency, and a Microsoft Xbox, which is a video game system.

  Overt Act No. 2: On or about December 17, 2017, Unindicted Co-Conspirator No. 1 told defendant PATTEN, in Twitter Direct Messages, "@SWAutistic knows a thing or 2 on naughty stuff!!hint:

4

look at his name!!" Unindicted Co-Conspirator No. 1 also told defendant PATTEN that Barriss charged $10 to conduct a swat.

Overt Act No. 3: On or about December 17, 2017, in Twitter Direct Messages with Unindicted Co-Conspirator No. 1, Barriss agreed to swat Victim P.E.

Overt Act No. 4: On or about December 17, 2017, Unindicted Co-Conspirator No. 1 sought to record Victim P.E.'s reaction to the swat on a multi-party voice-over-internet communication.

Overt Act No. 5: On or about December 17, 2017, Barriss, with the purpose of issuing a threat and with knowledge that the communication would be viewed as a threat, called the Indianapolis Metropolitan Police Department in Indianapolis, Indiana, and, posing as someone else, falsely reported, knowing the information to be false, that he had shot his father at what Barriss believed to be Victim P.E.'s home address on Caval Cade Court in Avon, Indiana.

Overt Act No. 6: On or after December 17, 2017, defendant PATTEN told Barriss, in Twitter Direct Messages, in substance and effect, that he had paid Barriss to swat Victim P.E. and that Unindicted Co-Conspirator No. 1 was the "middle man."

Overt Act No. 7: On or about December 17, 2017, defendant PATTEN and Barriss agreed that Barriss would swat Victim C.V., and defendant PATTEN provided Barriss with what he believed to be Victim C.V.'s home address on Wittekind Terrace in Cincinnati, Ohio.

Overt Act No. 8: On or about December 17, 2017, using an online payment processor, defendant PATTEN sent three payments of $10.00 each to Barriss to pay him for conducting the swats of Victim P.E. and Victim C.V.

Overt Act No. 9: On December 18, 2017, by a telephone and other instrument of commerce, Barriss, posing as someone else, willfully made a threat, and maliciously conveyed false information knowing the information to be false, to the Hamilton County Sheriff's Office Communications Center in Hamilton County, Ohio, concerning an alleged attempt being made, or to be made, to kill, injure, and intimidate an individual and to damage and destroy property by means of fire and an explosive, specifically, in substance and effect, that he had shot his father at a residence on Wittekind Terrace in Cincinnati, Ohio, that he was holding his mother and sister hostage, and that he planned to set the residence on fire.

Overt Act No. 10: On or before December 19, 2017, Unindicted Co-Conspirator No. 3, who was then a student at Lee's Summit High School in Lee's Summit, Missouri, asked defendant PATTEN, in a text message exchange, "can you swat the school[?]"

Overt Act No. 11: On or before December 19, 2017, defendant PATTEN and Barriss agreed that Barriss would cause an evacuation of Lee's Summit High School.

Overt Act No. 12: On December 19, 2017, Barriss called the Lee's Summit Police Department in Lee's Summit, Missouri, and reported that a person had planted explosives at a high school in Lee's Summit.

Overt Act No. 13: On or after December 19, 2017, Unindicted Co-Conspirator No. 3 sent a text message to defendant PATTEN, stating, "lmfao there was a bomb threat at our school," to which defendant PATTEN responded, "I wonder why :)" In response to Unindicted Co-Conspirator No. 3's question "r u serious logan?", defendant PATTEN responded "Why do you think I texted you."

## COUNT TWO

[18 U.S.C. §§ 875(c), 2(a)]

On or about December 17, 2017, in Los Angeles County, within the Central District of California, defendant LOGAN PATTEN, also known as ("aka") "@SPARED," Unindicted Co-Conspirator No. 1, aka "@THROW," and Unindicted Co-Conspirator No. 2, Tyler Rai Barriss ("Barriss"), also known as ("aka") "@SWAUTISTIC," aka "@GOREDTUTOR36," aka "Robert Hayward," aka "Robert," aka "Alex Mendez," aka "Alex," aka "Matthew," aka "Aaron," each aiding and abetting the other, with the purpose of issuing a threat and with knowledge that the communication would be viewed as a threat, knowingly transmitted in interstate commerce to the Indianapolis Metropolitan Police Department, a communication containing true threats to injure the person of another, namely, and in substance and effect, that a person had shot his father at what Barriss believed to be Victim P.E.'s home address on Caval Cade Court in Avon, Indiana.

## COUNT THREE

[18 U.S.C. §§ 844(e), 2(a)]

On December 18, 2017, by a telephone and other instrument of commerce, defendant LOGAN PATTEN, also known as ("aka") "@SPARED," Unindicted Co-Conspirator No. 1, aka "@THROW," and Unindicted Co-Conspirator No. 2, Tyler Rai Barriss, aka "@SWAUTISTIC," aka "@GOREDTUTOR36," aka "Robert Hayward," aka "Robert," aka "Alex Mendez," aka "Alex," aka "Matthew," aka "Aaron," each aiding and abetting the other, willfully made a threat, and maliciously conveyed false information knowing the information to be false, to the Hamilton County Sheriff's Office Communications Center in Hamilton County, Ohio, concerning an alleged attempt being made, or to be made, to kill, injure, and intimidate an individual and to damage and destroy property by means of fire and an explosive, specifically, in substance and effect, that a person had shot his father at a residence on Wittekind Terrace in Cincinnati, Ohio, that he was holding his mother and sister hostage, and that he planned to set the residence on fire.

## COUNT FOUR

[18 U.S.C. §§ 844(e), 2(a)]

On December 19, 2017, by a telephone and other instrument of commerce, defendant LOGAN PATTEN, also known as ("aka") "@SPARED," and Unindicted Co-Conspirator No. 2, Tyler Rai Barriss, aka "@SWAUTISTIC," aka "@GOREDTUTOR36," aka "Robert Hayward," aka "Robert," aka "Alex Mendez," aka "Alex," aka "Matthew," aka "Aaron," each aiding and abetting the other, willfully made a threat, and maliciously conveyed false information knowing the information to be false, to the Lee's Summit Police Department in Lee's Summit, Missouri, concerning an alleged attempt being made, or to be made, to

//

//

kill, injure, and intimidate an individual and to damage and destroy property by means of fire and an explosive, specifically, in substance and effect, that a person had planted explosives at a high school in Lee's Summit.

A TRUE BILL

/s/

Foreperson

NICOLA T. HANNA
United States Attorney

*[signature]*

PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, Terrorism and Export Crimes
   Section

GEORGE E. PENCE
Assistant United States Attorney
Terrorism and Export Crimes
   Section